## BENDER v. HOWELL. (No. 590.)

Court of Civil Appeals of Texas. Eastland.
June 28, 1929.

L. H. Welch, of Breckenridge, for plaintiff in error.

James G. Harrell, of Breckenridge, for defendant in error.

LESLIE, J. S. Howell, plaintiff below, defendant in error here, sued C. M. Bender, defendant below, plaintiff in error here, for $340.40, the purchase price of some steam radiators alleged to have been sold to and installed for said defendant, and for which payment had been refused. The defendant denied liability, and among other defenses alleged he never purchased the radiators at all; that they were installed for him with the understanding that, if they were satisfactory to him, he would accept and pay for same. It is further alleged that they proved unsatisfactory to the defendant, that he rejected them, and that it became the duty of the plaintiff to remove them as per the understanding. The plaintiff denied that the radiators were installed on any such terms, and alleged in the alternative that, if they were, the defendant, Bender, after discovering and determining that the radiators were unsatisfactory, kept and used them for a long period of time, and thus estopped himself from denying liability for the purchase price.

The trial was before the court and jury. At the conclusion of the testimony, and upon motion to that effect by the plaintiff, the court instructed the jury to return a verdict

in favor of the plaintiff. This was done, and judgment rendered accordingly.

■■ The defendant, Bender, brings error to this court and presents same by several propositions based on an assignment of error, assignment No. 2, which is the only assignment briefed. This assignment purports to assail the action of the trial court in refusing to submit said cause to the jury "on specially requested issues which were submitted and timely requested." An examination of the transcript does not reveal that Bender, on the trial below, requested the submission of any special issues to the jury. There are no objections or exceptions to the court's having failed to submit any such issues or charges. The transcript does contain what purports to be a charge and issues which the court probably contemplated giving to the jury, prior to the time he conceived it his duty to give the peremptory instruction, but such instrument is doubtless no proper part of the transcript, and does not purport to be a charge or issues requested by defendant and refused by the court. Assignment No. 2 is therefore without foundation in the record, and cannot be considered. An examination of the record discloses no fundamental error, and it becomes our duty to affirm the judgment of the trial court.

■■ We have gone further than the record requires, and have considered the testimony, and especially that given by the defendant, Bender. From this it conclusively appears that the radiators were in the outset sold to him, but with a possible warranty of satisfaction or removal of the radiators. But his defense is not based upon the breach of a warranty. By his answer he relies wholly on the defense that no sale of the radiators was ever made to him, but that they were installed merely with the understanding that, if they were satisfactory, he would accept and pay for the same, otherwise they were to be removed by the seller, and that he refused to accept the same and called upon the plaintiff to remove them from his building. In his pleadings he rejects entirely the idea of the sale having been made to him, and in his testimony he conclusively establishes a sale and indicates reliance upon the breach of warranty. However, in his answer he in no respect pleads a defense based upon the theory that the title to the radiators passed to him with a warranty for his protection. Had he presented such a defense and supported the same by proper proof, he might have had either of two remedies, as stated by our Supreme Court in Aultman & Taylor Co. v. Hefner, 67 Tex. 54, 2 S. W. 861:

"(1) After seeing and accepting the machinery, he would be entitled to maintain an action for damages, in which he might recover, not only the sum equal to the difference between the value of the defective thing and one of its kind not defective, but in which he might also recover any such sum as under the rules of law he might be entitled to as consequential damages; (2) when sued for the purchase money, he may set up the defective quality of the thing warranted in diminution of the price."

No such defense is here presented, and, further, the word "warranty" necessarily implies a sale.

Believing that the defendant's testimony disproves his defense, we are of the opinion that the trial court did not err in instructing a verdict in favor of the plaintiff.

For the reasons assigned, the judgment of the trial court is affirmed.